STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-14-369

MATRIX FINANCIAL SERVICES
CORPORATION,

Plaintiff

v.

PETER A. ALBERT, et al,

Defendants

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

APR 24 2015

RECEIVED

Before the Court is defendants' motion to dismiss this foreclosure action brought by plaintiff Matrix Financial Services Corporation on the grounds that Matrix lacks standing to foreclose defendants' mortgage. *See* 14 M.R.S. §§ 6321-6326 (2014); M.R. Civ. P. 12(h)(3); *Bank of America N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 12-17, 96 A.3d 700. Matrix opposes the dismissal of its foreclosure action and has produced a "Ratification of Assignment" executed by an agent of Flagstar Bank FSB, the lender named in defendants' mortgage. In the "Ratification of Assignment," Flagstar Bank FSB purports to ratify the assignment of defendants' mortgage from Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Flagstar Bank FSB, to Matrix.

Ratification is an "affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority," and it "retroactively creates the effects of actual authority." Restatement (Third) of Agency §§ 4.01(a), 4.02 (2006); *see also QAD Investors, Inc., v, Kelly*, 2001 ME 116, ¶¶ 21-22, 776 A.2d 1244 (discussing ratification of an agent's acts). It "recasts [the] legal relations as they would have been had the agent acted with actual authority" and thus the "legal consequences [of ratification] 'relate back' to the time the

agent acted," in this case, the time of the assignment by MERS to the plaintiff. Restatement (Third) of Agency § 4.02 cmt. b. Whether a principal's actions are sufficient to constitute ratification is an issue of fact. *Id.* § 4.01 cmt. c.

The "Ratification of Assignment" filed by Matrix in its opposition is sufficient to raise a triable issue of fact regarding whether Matrix owns defendants' mortgage and has standing to foreclose. Therefore, Matrix's opposition is sufficient to withstand defendants' motion to dismiss. As such, the parties should be prepared to address the sufficiency of the "Ratification of Assignment" at the final hearing. The court expresses no view at this time whether the ratification document proffered by Matrix is itself sufficient to prove ratification or whether witness testimony will be required.

The entry shall be:

Defendants' motion to dismiss is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April 24, 2015

Thomas D. Warren
Justice, Superior Court

2

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

LEONARD MORLEY ESQ
SHAPIRO & MORLEY LLC
707 SABLE OAKS DRIVE SUITE 250
SOUTH PORTLAND ME 04106

*Plaintiff's Attorney*

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JOSEPH GOODMAN ESQ
THE GOODMAN LAW FIRM PA
PO BOX 7523
PORTLAND ME 04112

*Defendants' Attorney*